CORNELIA GRIFFITH, ADMINISTRATRIX, v. THE MOUNTAIN ICE COMPANY.

Argued November 8, 1906—Decided February 25, 1907.

The provisions of section 3 of "A general act relating to factories and workshops, and the safety, health and hours of operatives" (*Gen. Stat.*, *p.* 2345, § 29) do not apply to shafting used in gathering natural ice.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiff, *William C. Gebhardt.*

For the defendant, *Frederick J. Faulks.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff in her original declaration set forth a common law cause of action for the negligent killing of her intestate while he was working at certain machinery at the defendant's plant. By an amendment to the declaration the plaintiff alleged that the defendant had disregarded its duty to guard its machinery in accordance with the provisions of the statute of this state. The act thus referred to is as follows:

"Sec. 29. That the belting, shafting, gearing and drums in all factories and workshops when so placed as to be dangerous to persons employed therein while engaged in their ordinary duties shall be securely guarded when practicable, if otherwise then a notice of its danger shall be conspicuously posted in the factory or workshop." *Gen. Stat., p.* 2345.

The plaintiff holds her verdict under a charge in which the trial court, after quoting the language of the foregoing statute, said: "This statute is applicable to this case, and

if it appears that the defendant failed to comply with its requirements, then, if the evidence submitted satisfied you of such failure, the plaintiff will have established the negligence of the defendant."

If, therefore, the statute in question is not applicable, the verdict must be set aside.

The question, therefore, is whether the statute includes in its description mechanical appliances such as those in use at the plant of the defendant where the plaintiff's intestate was employed. The work at which the intestate was engaged at the time of his death was that of harvesting ice from Lake Hopatcong, which was done by carrying the ice from the lake on a conveyor made of boards fastened to two endless chains and operated by a friction shaft driven by steam power communicated by a belt that ran from the engine-room. To stop and start the conveyor by means of a lever attached to this shaft was the intestate's occupation, which was done by moving a handle that extended from the shafting to a seat in "the conveyor box," which was a small room adjoining the engine-house. This room, which contained no other mechanical appliances, had a window opening, through which the friction-tender (the intestate) could see the men working outside, and get from them the signals to stop or start the conveyor. This was his sole duty. Intestate's death was caused, presumably, by his clothing becoming entangled in the shaft at its junction with the lever handle.

We think that the defendant's plant does not come within the statutory language "factories and workshops," not only because those words import a building in which the machinery is so placed as to be dangerous to operatives, but also, and chiefly, because such words in their statutory context imply that the places to which they refer are those where machinery is employed in the work of fabrication, *i. e.,* of making or manufacturing something. Such is the common meaning of a factory or workshop. Obviously the statute was not intended to apply to all cases in which shafting, belting and gearing were employed, for if that had been the legislative purpose the limitation "in factories and work-

shops" would not have been used. Some meaning must therefore be given to these words of limitation, and the one I have suggested is that naturally arising from the context. The use of the word "operatives" in the title of the original act (*Pamph. L.* 1885, *p.* 212) also lends color to this construction.

That the shafting by which the plaintiff was killed was not so employed is clear, for the reason that the work of harvesting ice is not in any sense a manufacturing process, so that the room in which the intestate was stationed could be called a factory or workshop. "A mere appropriation of natural objects, without imparting to them this added quality, as in the case of agriculture or of the gathering of natural ice, is not manufacture in the current sense." *Bates Machine Co.* v. *Trenton, &c., Railroad Co.,* 41 *Vroom* 684, 687.

The conclusion reached is that the statute in question did not apply to the plaintiff's case, and hence that the verdict recovered at the trial must be set aside.